17 May 2016

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2016 MAY 18 P 4:17

FROM:
Cary L. Peterson
Essex Co. Corrections
Inmate 23401-111
354 Doremus Ave.
Newark, NJ 07105

RE: Answer from Defendant -
Case No: 2:16-CV-01428-WHW-CLW

TO: Megan Genet
U.S. Securities Exchange Commission
N.Y. Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281-1022

CC: William Walsh, Clerk - US District Court, NJ

[End of Page 1]

Answer from Defendant - CV01428WHWCLW

CP

(Re: Answer from Defendant continued from page 1)

Ms. Genet:

I, Cary Lee Peterson submit this hand-written response (hereafter referred to as "Answer") to civil complaint filed as Case No. 2:16-CV-01428-WHW-CLW ("Complaint")

Answer is as follows:

1. Defendant [Peterson] makes this response on behalf of himself as an individual, not representing RVPlus, Inc..

2. Defendant wishes to exercise his right to legal counsel on this civil matter.

3. Defendant has not had suitable or viable means to physically or remotely consult with an attorney about Complaint on the date of this Answer, not on April 27, 2016, nor the days after due to being detained at Essex Co., New Jersey Jail, which has restricted Defendant's release from jail cell to less than sixty minutes per day. Hence, outbound communication for

(Re: Answer from Defendant continued from Page 2)
Defendant is based on the following:

    (a) Availability; phones are shared by multiple inmates
    (b) Having enough phone credit available in inmate account
    (c) Approval of new contact added to phone contact list of Defendant. This process can take as long as a week.
    (d) Whether or not phone lines at jail are functioning properly. Due to phone system allowing so many call simultaneously Defendant often encounters "All circuits are busy" message and has to continue attempting call until it goes through

4. Defendant does not have access to a typewriter or computer to type Answer and submit in formal legal format.

[End of Page 3]

Answer from Defendant - CV01428WHWCLW

(Re: Answer from Defendant continued from page 3)

5. Defendant has enclosed a printed scan copy of Answer, which includes physical time stamp when document was printed from printer/copy device at Essex Co. Jail on May 18, 2016; original and copy A sent to Plaintiff, copy B sent to Court Clerk at U.S. District Court of New Jersey, and copy C sent to personal mailing address of Defendant in Las Vegas, Nevada.

6. Defendant had first and only attempt to acquire a stamped envelope to send Answer via U.S. Mail on May 18, 2016 due to the following circumstances:

   (a) Detention center delivers inmate orders ("Commisary") every Wednesday morning
   (b) Detention center had "Code Black" system error, resulting in inmate order errors and cancelations; a vast majority of inmates in the facility did not receive their order on the week of May 11, 2016.

[End of Page 4]
Answer from Defendant - CV01428 WHWCLW

(Re: Answer from Defendant continued from page 4)

7. Defendant submitted stamped envelope addressed to Plaintiff to Essex Co. Jail staff on May 18, 2016.

8. Defendant feels pity for the American tax payers who are financing Complaint and the other criminal suit related to Complaint, which both claim Defendant spent $300,000.00 (USD) to allegedly commit fraudulent acts that generated less than $100,000.00 (USD) through a macro-cap, publicly traded company that had less than five (5) percent of its outstanding shares freetrading at around a few pennies per share; total number of outstanding shares is less than 90 million. Defendant is the only person named in a lawsuit against a company that the State of Delaware says is still showing the CEO and only listed director to RVPlus, Inc. as Christopher Day, who happens to own the stock transfer agency that handles RVPL ownership registry (since 2010).

[End of Page 5]
Answer from Defendant - cv01428WHWCLW

(Re: Answer for Defendant continued from page 5)

9. Defendant was unable to hire legal counsel experienced in securities law during phone interviews and communication deadlines demanded by Plaintiff in 2013.

10. Defendant wishes to hold an arbitration hearing with Plaintiff once he is released from detention order and has fair opportunity to consult with and seek out feasible legal counsel, whether it be a private attorney or alternative legal options (e.g., pro-bono counsel).

I, Cary Lee Peterson [Defendant] submit this Answer to Complaint on the 18th day of May 2016 as undersigned.

Submitted by: Cary L. Peterson

[End of Page 6]

Answer from Defendant - CV01428WHWCLW